# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FRAZER, | 1:08-cv-01182-SMS (HC) |
|     Petitioner, | ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |
|     v. | [Doc. 1] |
| TURNING POINT OF CENTRAL CALIFORNIA, INC. et.al., | |
|     Respondents. | |

Petitioner is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, and has filed a civil action seeking declaratory judgment under the Administrative Procedures Act and All Writs Act (28 U.S.C. § 1651(a)), from the alleged improper security classification at the half-way house (under contract with the Federal Bureau of Prisons) and denial of prompt dental care treatment. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge. (Court Doc. 4.)

The APA provides that final agency action shall be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or if it was taken "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (D). The APA does not, however, provide an independent basis for subject matter jurisdiction. Califano v. Sanders, 430 U.S. 99 (1977). Jurisdiction is present when the APA is combined with 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." In other words, the APA prescribes standards

for judicial review of an agency action, once jurisdiction is otherwise established. Gallo Cattle Co.v. U.S. Dep't Agric., 159 F.3d 1194 (9th Cir. 1998). Likewise, the All Writs Act is not a grant of jurisdiction. 28 U.S.C. § 1651(a); Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999) ("Contrary to Malone's argument, the All Writs Act does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists."); Stafford v. Superior Ct., 272 F.2d 407, 409 (9th Cir. 1959) ("The All Writs Act . . . does not operate to confer jurisdiction . . . since it may be invoked by a district court only in aid of jurisdiction which it already has.").

In the instant petition, Petitioner merely alleges that administrators of the Turning Point facility have violated its resident manual when they arbitrarily reclassified him as a Phase I resident. (Complaint, at 4.) The Court notes that individuals who are convicted and sentenced for federal crimes are placed in the BOP's custody pursuant to 18 U.S.C. § 3621. It is strictly the BOP's determination to designate where a prisoner is to serve his sentence. 18 U.S.C. § 3621(b). Section 3624, allows the BOP to release a prisoner to a community correctional facility. Under § 3625, Congress specifically excluded the BOP's placement and designation determinations from judicial review under the APA. 18 U.S.C. § 3625 ("The provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [C. Imprisonment]."). Accordingly, because jurisdiction does not lie under the APA or the All Writ Act,  Petitioner fails to set forth this Court's jurisdictional basis for review of such claim, and the instant petition must be dismissed, without prejudice, to re-filing under any other applicable authority.

ORDER

Based on the foregoing, it is HEREBY ORDERED that the instant action is DISMISSED, without prejudice, for lack of subject matter jurisdiction.

IT IS SO ORDERED.

**Dated:   September 11, 2008**            /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE